UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| H.C.-F and C.F., individually and on behalf of their minor disabled child R.F.; D.W. and D.M., individually and on behalf of their minor disabled child M.M.; C.D. and T.D., individually and on behalf of their minor disabled child E.D.; R.S. and H.S., individually and on behalf of their minor disabled child, T.S.; S.C. and N.C., individually and on behalf of their minor disabled child B.C.; R.J. and N.T., individually and on behalf of their minor disabled child N.T.; and E.Z., individually and on behalf of his minor disabled child S.Z., | ____ CV _____ ( ) **COMPLAINT** |
| Plaintiffs, | |
| - against - | |
| CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION; RICHARD A. CARRANZA, in his representative role as Chancellor of the New York City Department of Education, | |
| Defendants. | |

Plaintiffs H.C.-F and C.F., individually and on behalf of their minor disabled child R.F.; D.W. and D.M., individually and on behalf of their minor disabled child M.M.; C.D. and T.D., individually and on behalf of their minor disabled child E.D.; R.S. and H.S., individually and on behalf of their minor disabled child, T.S.; S.C. and N.C., individually and on behalf of their minor disabled child B.C.; R.J. and N.T., individually and on behalf of their minor disabled child N.T.; and E.Z., individually and on behalf of his minor disabled child S.Z., by their attorneys, Mayerson & Associates, as and for their Complaint, allege and state the following:

1

## THE PARTIES

1. Plaintiff R.F. is a five-year, eleven-month-old boy with the classification of "autism spectrum disorder." There is no dispute as to R.F.'s classification nor to his entitlement to and need for special education services and a "free and appropriate public education" ("FAPE").

2. Plaintiffs H.C-F. and C.F. are R.F.'s parents.

3. Plaintiff R.F. was, at all relevant times and still is, a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEA"), 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

4. Plaintiff M.M. is an eleven-year, four-month-old boy with the classification of "autism spectrum disorder." There is no dispute as to M.M.'s classification nor to his entitlement to and need for special education services and a FAPE.

5. Plaintiffs D.W. and D.M. are M.M.'s parents.

6. Plaintiff M.M. was, at all relevant times, and still is a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

7. Plaintiff E.D. is a twelve-year, seven-month-old girl with the classification of "autism spectrum disorder." There is no dispute as to E.D.'s classification nor to her entitlement to and need for special education services and a FAPE.

8. Plaintiffs C.D. and T.D. are E.D.'s parents.

9. Plaintiff E.D. was, at all relevant times, and still is a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

10. Plaintiff T.S. is a four-year, nine-month-old boy with the classification of "autism spectrum disorder." There is no dispute as to T.S.'s classification nor to his entitlement to and need for special education services and a FAPE.

11. Plaintiffs R.S. and H.S. are T.S.'s parents.

12. Plaintiff T.S. was, at all relevant times and still is, a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

13. Plaintiff B.C. is a twelve-year, one-month-old boy with the classification of "autism spectrum disorder." There is no dispute as to B.C.'s classification nor to his entitlement to and need for special education services and a FAPE.

14. Plaintiffs S.C. and N.C. are B.C.'s parents.

15. Plaintiff B.C. was, at all relevant times, and still is a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

16. Plaintiff N.T. is a fifteen-year, seven-month old boy with the classification of "autism spectrum disorder." There is no dispute as to N.T.'s classification nor to his entitlement to and need for special education services and a FAPE.

17. Plaintiffs R.J. and N.T. are N.T.'s parents.

18. Plaintiff N.T. was, at all relevant times and still is, a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

19. Plaintiff S.Z. is a thirteen-year, eleven-month-old boy with the classification of "other health impairment." There is no dispute as to S.Z.'s classification nor to his entitlement to and need for special education services and a FAPE.

20. Plaintiff E.Z. is S.Z.'s parent.

21. Plaintiff S.Z. was, at all relevant times, and still is a student entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statute, including but not limited to the IDEA, 20 U.S.C. § 1400 *et. seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education Law, and Part 200 of the Commissioner's Regulations.

22. Plaintiffs are all residents of the State of New York, residing at all relevant times at addresses located in New York County, within the Southern District of New York.

23. Although known to defendants, plaintiffs are not expressly named herein by their given names because of the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act of 1974, 20 U.S.C. § 1232(g), and 34 C.F.R. § 99.[1]

24. Defendant City of New York is the municipality responsible for the New York City Department of Education pursuant to N.Y. Educ. Law Ch. 52-A.

25. Defendant, the New York City Department of Education ("DOE"), maintains an office at 52 Chambers Street, New York, New York 10007, and at other locations within New York City.

26. Defendant, Richard A. Carranza, is the current Chancellor of the New York City Department of Education, with his principal offices located at 52 Chambers Street, New York, New York 10007, and is named herein solely in his representative capacity.

27. Defendant DOE is a "local educational agency" and school district organized under the laws of the State of New York.  Both procedurally and substantively, defendant DOE was (and still is) statutorily obligated under the IDEA, as well as the laws of the State of New York, to provide the minor plaintiffs with a FAPE and to observe, honor and enforce plaintiffs' "pendency" entitlements and other related mandates and safeguards.

### NATURE OF THIS ACTION

28. This action is brought to secure money damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs arising out of defendants' repeated and ongoing failure to

---

[1] Upon the request of the Court, and on an *in camera* basis, plaintiffs are prepared to disclose their given names and addresses.

timely honor, implement and fund plaintiffs' pendency entitlements as an automatic and unconditional injunction.

## JURISDICTION AND VENUE

29. Pursuant to 20 U.S.C. § 1415(I)(2)(A), 28 U.S.C. §1331 and §1367, this Court has jurisdiction of this action without regard to the amount in controversy.

30. Venue is proper in the Southern District of New York in that plaintiffs and defendants all reside, have offices, or are otherwise situated within this judicial district.

## STATUTORY FRAMEWORK

31. The IDEA was established to provide rights and entitlements to eligible students with autism and other qualifying disabilities. As a matter of law and statute, "pendency" is universally recognized as an automatic and unconditional injunction that local educational agencies (here, defendant New York City Department of Education) are required to timely honor and implement. *See T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170 (2d Cir. 2014).

32. The pendency provisions of the IDEA and the New York State Education Law require that "during the pendency of any proceedings [relating to the identification, evaluation or placement of a child with a disability], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child . . .until all such proceedings have been completed." 20 U.S.C. § 1415(j); *see* 34 C.F.R. § 300.514(a); N.Y. Educ. Law § 4404(4); 8 NYCRR 200.5(l)(1).

33. Pendency has the effect of an automatic injunction imposed to maintain the educational status quo, without regard to such factors as irreparable harm, likelihood of success on the merits, or a balancing of the hardships. *See Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) ( "Implicit in the maintenance of the status quo is the requirement that a school district continue to finance an educational

placement made by the agency and consented to by the parent before the parent requested a due process hearing. *To cut off public funds would amount to a unilateral change in placement, prohibited by the Act.*" (emphasis supplied); *N.Y.C. Dep't of Educ. v. S.S.*, No. 09 Civ. 810, 2010 U.S. Dist. LEXIS 25133, at *24 (S.D.N.Y. Mar. 17, 2010) (Department of Education's responsibility for pendency tuition paid during a due process challenge is "absolute") (citing *Bd. of Educ. v. Schutz*, 290 F. 3d 476, 484 (2d Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003)); *Student X v. N.Y.C. Dep't of Educ.*, No. 07 CV 2316, 2008 U.S. Dist. LEXIS 88163, at *77 (E.D.N.Y. Oct. 30, 2008) (holding DOE's failure to provide student with pendency services constituted a "gross violation" of the IDEA). Accordingly, while plaintiffs aver that they are facing the threat of irreparable harm as a result of defendant's acts and omissions, plaintiffs need not prove that element to have standing to seek injunctive relief from this Court.

34. As per 20 U.S.C. § 1415(j), pendency entitlements are automatic and unconditional, and attach and become operative merely upon the filing of a student's Demand for Due Process, and such entitlements are required to be implemented and performed by the DOE as a matter of law and statute, without the necessity of any application, motion or other showing, until there is a final order.

35. Despite the automatic and unconditional nature of pendency rights, defendant DOE, as a matter of policy and practice, will not honor a disabled student's pendency rights unless and until an Impartial Hearing Officer ("IHO") first conducts a hearing and issues an Order memorializing the contents of the student's pendency program. Defendant's practice is at variance with how pendency entitlements are normally honored and observed outside of New York City. Other than the highly unusual practices of the defendant DOE, school districts normally honor pendency entitlements as a matter of course.

36. The additional procedural hurdles imposed by defendants unnecessarily delay and impede the provision of plaintiffs' pendency entitlements. As alleged below, even after plaintiffs' pendency entitlements were expressly adjudicated (as defendants insist), defendants still did not timely honor

and fund such entitlements. Significantly, defendants' failures arose well *before* the current COVID-19 crisis.

## FACTS AND PROCEDURAL HISTORY

### Plaintiff R.F.

37. On or about July 1, 2019, Plaintiffs H.C-F and C.F. filed a demand for due process on behalf of themselves and their son, R.F. That demand invoked R.F.'s pendency rights as arising from an unappealed and final decision of IHO Mindy Wolman dated March 25, 2019.

38. On or about October 29, 2019, IHO Edgar de Leon endorsed an Interim Agreement on Pendency, declaring and finding that R.F.'s pendency program arose from that March 25, 2019 IHO decision, and further ordering that R.F.'s rights to that pendency program attached and related back to the July 1, 2019 filing date of the due process demand.

39. On or about January 8, 2020, Plaintiffs H.C.-F. and C.F. submitted to Defendant DOE the documentation required to be reimbursed for monies plaintiffs had spent on R.F.'s pendency program from July 1, 2019 through December 31, 2019. These plaintiffs provided invoices and proofs of payment showing they had paid $13,405 for R.F.'s special education services and $548.68 for his transportation.

40. As of the filing of this Complaint, despite due demand, defendant DOE has failed to reimburse Plaintiffs H.C.-F. and C.F.

### Plaintiff M.M.

41. On or about July 1, 2019, Plaintiffs D.W. and D.M. filed a demand for due process on behalf of themselves and their son, M.M. That demand invoked M.M.'s pendency rights as arising from Defendant's Individualized Education Program ("IEP") dated April 3, 2013.

42.     On or about February 5, 2020, IHO Diane Cohen issued an Interim Order on Pendency, declaring that M.M.'s pendency program did arise from that IEP, and further ordering that M.M.'s rights to program set forth in the IEP dated from the filing of the due process demand.

43.     On or about January 16, 2020, Plaintiffs D.W. and D.M. submitted to Defendant DOE the documentation required to be reimbursed for monies they had spent on M.M.s pendency program from September 1, 2019 through November 30, 2019. They provided invoices and proofs of payment showing they had paid $1,495 for M.M.'s special education services.

44.     As of the filing of this Complaint, despite due demand, Defendant DOE has failed to reimburse Plaintiffs D.W. and D.M.

**Plaintiff E.D.**

45. On or about June 28, 2019, Plaintiffs C.D. and T.D. filed a demand for due process on behalf of themselves and their daughter, E.D. That demand invoked E.D.'s pendency rights as arising from the final and non-appealable Findings of Fact and Decision of IHO Craig Tessler, dated April 4, 2012.

46. On or about October 24, 2019, IHO Vanessa M. Gronbach issued an Interim Order on Pendency, declaring that E.D.'s pendency rights did arise from the April 4, 2012 Findings of Fact and Decision, and further ordering that E.D.'s rights to the program set forth in that decision dated from the filing of the due process demand.

47. On or about January 21, 2020, Plaintiffs C.D. and T.D. submitted to Defendant DOE the documentation required to be reimbursed for monies they had spent on E.D.'s pendency program from July 1, 2019 through September 30, 2019. These plaintiffs provided defendant DOE with invoices and proofs of payment showing they had paid $14,845 for E.D.'s special education services.

48. On or about January 23, 2020, Plaintiffs C.D. and T.D. made another submission to defendant DOE, demonstrating said plaintiffs' right to reimbursement for an additional $320.00 for counseling services that also are part of E.D.'s pendency entitlements.

49. As of the filing of this Complaint, and despite due demand, Defendant DOE has failed to reimburse Plaintiffs C.D. and T.D. for either submission.

**Plaintiff T.S.**

50. On or about July 1, 2019, Plaintiffs R.S. and H.S. filed a demand for due process on behalf of themselves and their son, T.S. That demand invoked T.S.'s pendency rights as arising from the now final and non-appealable Decision of IHO Audrey Daniel, dated June 28, 2019.

51. On or about July 30, 2019, IHO Audrey Daniel issued an Interim Order on Pendency, declaring that T.S.'s pendency program did arise from that Decision, and further ordering that T.S.'s rights to program set forth in the decision dated from the filing of the due process demand.

52. On or about January 22, 2020, Plaintiffs R.S. and H.S. submitted to Defendant DOE the documentation required to be reimbursed for monies they had spent on T.S.'s pendency program in November 2019. They provided invoices and proofs of payment showing they had paid $25,771.33 for T.S.'s special education services.

53. As of the filing of this Complaint, despite due demand, Defendant DOE has failed to reimburse Plaintiffs R.S. and H.S.

**Plaintiff B.C.**

54. On or about July 1, 2019, Plaintiffs S.C. and N.C. filed a demand for due process on behalf of themselves and their son, B.C. That demand invoked B.C.'s pendency rights as arising from a final and non-appealable decision of the New York State Review Officer ("SRO") dated March 24, 2015.

55. On or about August 5, 2019, IHO Mindy Wolman issued an Interim Order on Pendency, declaring that B.C.'s pendency program and entitlements did arise from that SRO decision, and further ordering that B.C.'s right to the program set forth in that decision dated and related back to the filing of B.C.'s due process demand.

56. On or about January 27, 2020, Plaintiffs S.C. and N.C. submitted to Defendant DOE the documentation required to be reimbursed for monies they had spent on B.C.s pendency program from September 1, 2019 through December 31, 2019. They provided invoices and proofs of payment showing they had paid $14,230 for B.C.'s special education services.

57. As of the filing of this Complaint, and despite due demand, Defendant DOE has failed to reimburse Plaintiffs S.C. and N.C.

**Plaintiff N.T.**

58. On or about June 28, 2019, Plaintiffs R.J. and N.T. filed a demand for due process on behalf of themselves and their son, N.T. That demand invoked N.T.'s pendency rights as arising from the now final and non-appealable Findings of Fact and Decision of IHO Dora Lassinger, dated July 1, 2011.

59. On or about August 1, 2019, IHO Jeffrey Guerra issued an Interim Order on Pendency, declaring that N.T.'s pendency program did arise from that Findings of Fact and Decision, and further ordering that N.T.'s right to the program set forth in that decision dated from the filing of the due process demand.

60. On or about February 14, 2020, Plaintiffs R.J. and N.T. submitted to Defendant DOE the documentation required to be reimbursed for monies they had spent on N.T.'s pendency program from September 1, 2019 through December 31, 2019. They provided invoices and proofs of payment showing they had paid $16,775.00 for N.T.'s special education services.

61. On or about February 18, 2020, Plaintiffs R.J. and N.T. made a second submission of the required documentation to be reimbursed for $4,650.00 they had spent in July and August 2019 on N.T.'s special education pendency services.

62. As of the filing of this Complaint, and upon due demand, Defendant DOE has failed to reimburse Plaintiffs R.J. and N.T.

**Plaintiff S.Z.**

63. On or about April 8, 2019, Plaintiff E.Z. filed a demand for due process on behalf of himself and his son, S.Z. That demand invoked S.Z.'s pendency rights as arising from as arising from the now final and non-appealable Findings of Fact and Decision of IHO Rona Feinberg, dated April 30, 2014.

64. On or about February 13, 2020, Defendant DOE and Plaintiff E.Z. entered into an Interim Agreement on Pendency, agreeing that S.Z.'s pendency program arose from the final and non-appealable Findings of Fact and Decision of IHO Rona Feinberg, dated April 30, 2014, and further agreeing that S.Z.'s rights to program set forth in that decision dated from the filing of the due process demand.

65. On or about February 18, 2020, Plaintiff E.Z. submitted to Defendant DOE the documentation required to be reimbursed for monies spent on S.Z.'s pendency program. Plaintiff E.Z. provided invoices and proofs of payment showing he had paid $15,155.00 for S.Z.'s special education services.

66. As of the filing of this Complaint, despite due demand, Defendant DOE has failed to reimburse Plaintiff E.Z.

67. The repeated failure of defendant DOE and the defendant City to timely reimburse Plaintiffs for "pendency" related monies spent on special education schools, programs, and services poses a serious threat to plaintiffs' learning and progress, and also subjects plaintiffs to the risk of regression. The timely receipt of these pendency reimbursements are thus necessary for plaintiffs to be educated in a timely manner, and to help forestall anticipated regression.

## FIRST CLAIM FOR RELIEF

68. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-67 as if fully set forth herein.

69. Defendants have violated and are in continuing violation of Plaintiffs' automatic and unconditional "pendency" entitlements and are liable to plaintiffs in money damages equal to the value of plaintiffs' respective "pendency" submissions to defendants, plus interest accrued and accruing.

## SECOND CLAIM FOR RELIEF

70. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1-67 as if fully set forth herein.

71. As a matter of law, inasmuch as pendency is regarded as an automatic injunction that does not require the showing of imminent irreparable harm, plaintiffs should be entitled to preliminary and permanent injunctive relief from this Court for which any further violation would support a finding of contempt.

## THIRD CLAIM FOR RELIEF

72. Plaintiffs repeat and allege each and every allegation set forth in paragraphs 1-67 as if fully set forth herein.

73. The IDEA statute contains a fee shifting provision at 20 U.S.C. Sec. 1415.

74. Accordingly, as part of any relief ordered by the court, should plaintiffs emerge as the substantially prevailing parties, the court should award plaintiffs their reasonable attorneys' fees and taxable costs.

WHEREFORE, it is respectfully submitted that this Court should:

(a) declare that Plaintiffs' right to reimbursement for the cost of their pendency programs is automatic and does not require any hearing or Order;

(b) declare that Defendants are in violation of plaintiffs' pendency entitlements;

(c) enjoin Defendants to immediately reimburse Plaintiffs for the pendency related monies that they are owed, based on plaintiffs' submissions to defendants;

(d) acknowledge plaintiffs' status as "prevailing parties" and grant plaintiffs leave to file a fee application pursuant to the fee-shifting provisions of the Act, for the fees and costs of this action; and

(e) grant plaintiffs such other, further and different relief as may be just under the circumstances.

Dated: March 23, 2020
New York, New York

          /s/
Gary S. Mayerson (GSM 8413)
Maria C. McGinley (MM9438)
Mayerson & Associates
*Attorneys for Plaintiffs*
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (facsimile)
www.mayerslaw.com